IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| CYNTHIA HAYES SHULTZ, ) | |
| ) | CASE NO. BK12-40593-TLS |
| Debtor(s). ) | A12-4070-TLS |
| CYNTHIA HAYES SHULTZ, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| MONTY SHULTZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the plaintiff debtor's motion for summary judgment (Fil. No. 9) and objection by the defendant (Fil. No. 11). Bert E. Blackwell represents the debtor, and Vikki S. Stamm represents the defendant. Briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion will be granted.

The parties to this proceeding were formerly married to each other. As part of the marital dissolution, a stipulated order was entered in 2011 awarding Mr. Shultz $25,000. Ms. Shultz subsequently filed the underlying Chapter 13 bankruptcy petition and seeks to discharge the obligation to Mr. Shultz as a property settlement debt. The debtor has filed a motion for summary judgment. Mr. Shultz objects to the motion, arguing that the debt should not be discharged because Ms. Shultz has the ability to pay it and the detriment caused to him by its discharge would outweigh the benefit to her.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

Here, the parties agree on the following facts:

1. The journal entry filed on August 30, 2011, in the parties' marital dissolution case in Buffalo County District Court provided:

> To equalize the division of the property of the parties and allocation of indebtedness to be paid, the court finds that a judgment is entered in favor of [Mr. Shultz] and against [Ms. Shultz] in the amount of $25,000.00 with that judgment to accrue interest at the legal rate from this date forward.

2. The debtor filed her Chapter 13 petition on March 20, 2012.

3. Mr. Shultz filed an unsecured, non-priority claim in the amount of $25,104.27 for the debt owed to him.

4. The debtor's Chapter 13 plan was confirmed on June 5, 2012.

5. Neither party contends this is a domestic support obligation. The parties agree this debt falls under 11 U.S.C. § 523(a)(15):

> (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt —
> . . .
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) [domestic support obligations] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Section 523(a)(15) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The amendment removed both the evaluation of the debtor's ability to pay the debt and the balancing test that existed in that section, where the detriment to the creditor was weighed against the benefit to the debtor of having the debt discharged.

Even under the amended statute, the court must determine whether the debt is in fact a property settlement.

> The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. [*In re Braun*, Case No. BK08-80400, 2008 WL 2130313, at *3 (Bankr. D. Neb. May 15, 2008).] When deciding whether a debt should be characterized as one for support or property settlement, the crucial question is the function the award was intended to serve. *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992); *Boyle v.*

> *Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)); *see Kruger v. Ellis (In re Ellis)*, 149 B.R. 925, 927 (Bankr. E.D. Mo. 1993) (finding that in order to determine whether an award represents a property settlement or a maintenance obligation, a court must look to the function an award was intended to serve).
>
> Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *See Williams*, 703 F.2d at 1056. A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court but is however a starting point for the determination of the award's intended function. *Id.*; *In re Hamblen*, 233 B.R. 430, 435 (Bankr. W.D. Mo. 1999) (due deference should be given to the state court's characterization of the award).

*Phegley v. Phegley (In re Phegley)*, 443 B.R. 154, 157-58 (B.A.P. 8th Cir. 2011).

The provisions of the Buffalo County District Court order make clear that the $25,000 award at issue here was not intended as support, but rather was to equalize the division of property and debt between the parties. *See* Journal Entry attached to Claim No. 3. Before making the award, the court discussed the various assets and expenditures of each party, including Mr. Shultz's use of inherited funds to pay off marital debts, and concluded that Ms. Shultz should pay Mr. Shultz $25,000 "to equalize the division of the property of the parties and allocation of indebtedness to be paid." *Id.*

Therefore, this debt is part of the parties' property settlement. When the debtor is in a Chapter 13 case, such a debt is excepted from discharge only when the debtor is unable to complete plan payments and obtains a hardship discharge. The debt is dischargeable if the debtor completes the payments under the terms of her confirmed plan. *See Phegley v. Phegley (In re Phegley)*, Adv. No. 09-4296, 2010 WL 3081664, at *5 n.1 (Bankr. W.D. Mo. Aug. 3, 2010) (noting "that the § 523(a)(15) claim is premature at this juncture. Under § 1328(a), in a Chapter 13 case all debts are dischargeable except, relevant to this proceeding, those under § 523(a)(5). That provision would not become applicable unless the case were to be converted to one under Chapter 7 or Debtor sought a hardship discharge under § 1328(b)."). At this point, Ms. Shultz is early in a 60-month plan. If she successfully completes the plan, the debt will be discharged.

IT IS ORDERED: The plaintiff debtor's motion for summary judgment (Fil. No. 9) is granted. The debt to Mr. Shultz is dischargeable if the debtor completes her plan payments. Separate judgment will be entered.

DATED:   November 21, 2012

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Bert E. Blackwell
    Vikki S. Stamm
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.